UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

UNITED STATES OF AMERICA,

        Plaintiff,

v.

JOSHUA KISTLER,

        Defendant.

Crim. No. 05-217-HA
Civil No. 08-70029-HA

OPINION AND ORDER

HAGGERTY, District Judge:

Defendant filed a Motion for Relief under 28 U.S.C. § 2255 [61]. This court has considered all arguments, issues, and exhibits presented. For the following reasons, the Motion for Relief is denied.

**BACKGROUND**

Defendant's conviction arose after he was indicted on May 25, 2005, on a single count of enticing a minor for use in a sexually explicit display (production of child pornography) in violation of 18 U.S.C. § 2251(a) and (e). Defendant pled guilty pursuant to a plea agreement on December 14, 2006. Pursuant to these negotiations, defendant acknowledged that the court would determine sentencing. On May 21, 2007, defendant was sentenced to 293 months imprisonment, a term greater than the prospective terms the parties had discussed in plea

1 - OPINION AND ORDER

negotiations. His subsequent Motion to Reconsider his sentence was denied, and his Notice of Appeal was voluntarily dismissed. This Motion was filed on November 3, 2008.

Defendant contends that his sentencing counsel provided ineffective assistance of counsel in investigating the background of the alleged victim's trauma in the case and in failing to present adequate information about defendant's background to the sentencing court. An evidentiary hearing is unnecessary. For the following reasons, the Motion is denied.

## STANDARDS

Defendant's Motion is brought under 28 U.S.C. § 2255. That statute provides, in part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

A court should hold an evidentiary hearing "unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. To earn the right to a hearing, a defendant is required to allege specific facts which, if true, would entitle the defendant to relief. *Ortiz v. Stewart*, 149 F.3d 923, 934 (9th Cir. 1998) (quoting *United States v. McMullen*, 98 F.3d 1155, 1159 (9th Cir. 1996)). Mere conclusory statements in a § 2255 motion are insufficient to require a hearing. *United States v. Johnson*, 988 F.2d 941, 945 (9th Cir. 1993). If credibility can be decided based on documentary testimony and evidence in the record, no evidentiary hearing is required. *Shah v. United States*, 878 F.2d 1156, 1159 (9th Cir. 1989) (internal quotations and citation omitted). The court concludes that an evidentiary hearing is unnecessary.

In order to prevail on a claim for ineffective assistance of counsel a defendant "must show (1) grossly deficient performance by . . . counsel, and (2) resultant prejudice." *Womack v. Del Papa*, 497 F.3d 998, 1002 (9th Cir. 2007) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). "Under *Strickland*, counsel's competence is presumed and thus [the defendant] must rebut this presumption by demonstrating that [counsel's] performance was unreasonable under prevailing professional norms and was not the product of sound strategy." *Lambright v. Schriro*, 490 F.3d 1103, 1116 (9th Cir. 2007).

Judicial scrutiny of counsel's performance is highly deferential; the Supreme Court has "declined to articulate specific guidelines for appropriate attorney conduct and instead [has] emphasized that 'the proper measure of attorney performance remains simply reasonableness under prevailing professional norms.'" *Wiggins v. Smith*, 539 U.S. 510, 521 (2003) (quoting *Strickland*, 466 U.S. at 688).

To establish ineffective assistance of counsel, a defendant must establish both deficient performance by counsel, and that the deficiency prejudiced the defendant. *Williams v. Calderon*, 52 F.3d 1465, 1469 (9th Cir. 1995). There is no need to evaluate the counsel's performance if the defendant fails to show that prejudice resulted from the counsel's alleged errors. *Strickland*, 466 U.S. at 697. Failure to make the required showing on either the "incompetence" prong or the "prejudice" prong defeats the ineffectiveness claim. *Id*. at 700.

Defendant must overcome a strong presumption that counsel "rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *United States v. Palomba*, 31 F.3d 1456, 1460 (9th Cir. 1994) (quoting *Strickland*, 466 U.S. at 690). "The essence of an ineffective assistance of counsel claim is that counsel's

3 - OPINION AND ORDER

conduct so undermined the proper functioning of the adversarial process" that the results of the subsequent trial or plea "cannot be relied on as having produced a just result." *Williams*, 52 F.3d at 1469 (internal quotations omitted).

To establish deficient performance, the defendant must demonstrate that counsel committed errors, and also performed outside the "wide range of professionally competent assistance." *Strickland*, 466 U.S. at 690. Defendant must show that counsel's representation failed to meet an objective standard of reasonableness. *Id.* at 688.

To show prejudice, defendant must demonstrate "that the attorney's deficient performance prejudiced the defendant such that 'there is reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Doe v. Woodford*, 508 F.3d 563, 568 (9th Cir. 2007) (quoting *Strickland*, 466 U.S. at 688).

**ANALYSIS**

The court has considered all issues presented. Defendant's claims regarding counsel's performance at sentencing are rejected. The performance from defendant's counsel prior to and during sentencing fell well within the acceptable range of reasonable professional assistance.

Moreover, there is no reasonable probability that, but for counsel's alleged errors committed before and after sentencing, the result of the proceedings – specifically, the sentence defendant received – would have been different. As noted above, there is no need to evaluate the counsel's performance if defendant fails to show that prejudice resulted from the counsel's alleged errors. *Strickland*, 466 U.S. at 697. Accordingly, for the reasons presented below, defendant's Motion for Relief under 28 U.S.C. § 2255 because of allegations of ineffective assistance of counsel is denied.

### A.    Victim's Background

Counsel's performance regarding the degree to which the alleged victim's background was investigated was well within the acceptable range of reasonable professional assistance. The court has scrutinized defendant's Reply and the declarations submitted by sentencing counsel. The court has also reviewed the copy of the Presentence Investigation Report that has been filed in this action under seal.

The victim did not testify at sentencing and did not submit a statement to the sentencing court. Defendant suggests that because no restitution was sought by the government, the documentation and statements provided by the victim's mother to the government "must not have supported the claim that any of the victim's physical, psychiatric, or psychological treatment resulted from [defendant's] conduct," and "the victim's mother's statement at the time of sentencing could not have been true." Reply at 8 (citations omitted). Counsel's failures to advance these assumptions at and subsequent to sentencing fall short of constituting ineffective assistance of counsel.

Moreover, there is no basis for concluding that any deficiency regarding the extent to which the court considered the veracity of presentations from the victim's mother resulted in any prejudice to defendant regarding the sentence he received. Defendant's conduct that prompted his plea warranted the sentence he received. The record is clear that the court did not base its sentencing decision upon assumptions regarding the mother's statements to the court.

### B.    Defendant's Background

Defendant's other primary argument is that sentencing counsel was ineffective by failing to retain an unnamed "well-respected clinical psychologist" who specialized in treating sexual

5 - OPINION AND ORDER

offenders for purposes of compelling the court to impose a lesser sentence. There is no evidence presented that suggests defendant was prejudiced by this alleged failure. The sentencing court was presented with reports from therapists that advised the court that defendant presented a low risk for repeat-offending, and that he was amenable to treatment. Counsel was not ineffective in failing to secure an additional expert, and the absence of such an expert's theoretical report is not shown to have been prejudicial to defendant.

**CONCLUSION**

After considering the record and arguments presented, defendant's Motion for Relief under 28 U.S.C. § 2255 [61] is denied. Any other pending motions are denied as moot.

IT IS SO ORDERED.

DATED this  30   day of September, 2009.


　　　　　　　　　　　　　　　　　　   /s/ Ancer L. Haggerty
　　　　　　　　　　　　　　　　　　Ancer L. Haggerty
　　　　　　　　　　　　　　　　　United States District Judge